UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEXTER L. RILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:22-cv-00206-JPH-MJD |
| BONNIE NOWAKOWSKI, | ) ) ) |
| Defendant. | ) |

**Order Dismissing Complaint and Opportunity to File Amended Complaint**

Plaintiff Dexter L. Riley was formerly incarcerated at the Metropolitan Correctional Center (MCC) in Chicago, Illinois, and the Federal Correctional Institution at Terre Haute, Indiana (FCI Terre Haute). He alleges in this civil action that medical staff at both locations failed to diagnose his diabetes which led to him experiencing a diabetic coma and being hospitalized for a week. Because the plaintiff is proceeding *in forma pauperis*, the Court shall screen the complaint pursuant to 28 U.S.C. §1915(e). *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 465 (7th Cir. 2017); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013).

**I. Screening Standard**

When screening a complaint, a court must "dismiss [a] case at any time" if the court determines the action is "frivolous or malicious" or the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Luevano*, 722 F.3d at 1022. To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

1

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names three defendants: provider Bonnie Nowakowski, Medical at MCC Chicago, and Medical at FCI Terre Haute. Mr. Riley makes the following allegations. He arrived at MCC sometime around March 28, 2019. He was given a medical assessment which included bloodwork. The bloodwork indicated that he was diabetic, but he was never informed of these results or told to change his lifestyle. When he was transferred to FCI Terre Haute sometime around July 10, 2019, MCC failed to communicate to FCI Terre Haute that Mr. Riley was diabetic. Staff at FCI Terre Haute conducted a medical assessment of Mr. Riley when he arrived, and again he was not informed that he was diabetic. Sometime around January 20, 2020, Mr. Riley complained about how he was feeling. In response, he was given a variety of medications, including promethazine (an anti-nausea medication). A few days later, he went into a diabetic coma and was hospitalized. He seeks monetary damages and injunctive relief in the form of an apology from everyone who overlooked his condition.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted. First, "[f]or constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (cleaned up). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged

constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'"). The complaint makes no factual allegations against defendant Bonnie Nowakowski. Therefore, all claims against her are **dismissed**.

Second, "Medical at MCC" and "Medical at Terre Haute" refer to groups of people rather than a singular "person" subject to suit under Section 1983. "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). Mr. Riley notes that he does not know the names of the medical supervisor at either MCC or FCI Terre Haute. But again, without any factual allegation against these individuals, he has not stated a claim against them either. Therefore, all claims against "Medical" at MCC and FCI Terre Haute are **dismissed**.

Finally, the Court notes that the two sets of events alleged in Mr. Riley's complaint occurred in two separate states and district court jurisdictions. If he wishes to pursue claims against particular individuals employed at MCC, he should litigate those claims in the Northern District of Illinois.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through August 22, 2022, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said

that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. If the plaintiff does not know the name of an individual defendant, he must include any identifying information he possesses about the defendant, including their job title and when their alleged personal involvement in his medical care occurred (example: male nurse working on January 21, 2020).

Any amended complaint should have the proper case number, 2:22-cv-00206-JPH-MJD, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it may be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 7/25/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEXTER L. RILEY
2276 W. Nichols Rd.
Apt. C
Arlington Heights, IL 60004